**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**CAROL D. COLLINS**                                                                        **PLAINTIFF**

**V.**                                              **CASE NO. 3:21-CV-00001-LPR**

**COMMISSIONER OF THE**
**SOCIAL SECURITY ADMINISTRATION**                                      **DEFENDANT**

## <u>ORDER</u>

The Court received a Recommended Disposition (RD) submitted by United States Magistrate Judge Edie R. Ervin on December 20, 2021.[1]  The RD recommends that the Court reverse and remand the final decision of the Commissioner of the Social Security Administration (SSA), denying Plaintiff Carol Collins's application for disability benefits.  Neither party has filed objections to the RD.  The Court is only required to review the RD for clear error,[2] but it has the discretion to apply a more exacting standard.[3]

Except to the extent inconsistent with this Order, the RD sets out the background information necessary to understand this case.  After the Commissioner denied Ms. Collins's claim, she sought judicial review of the decision in this Court.  Ms. Collins's sole argument on appeal is that the Administrative Law Judge (ALJ) presiding over her case failed to properly evaluate the credibility of her subjective complaints.

The RD doesn't address the merits of Ms. Collins's argument.  Instead, the RD raises, *sua sponte*, an unrelated issue concerning the ALJ's duty to assess medical opinion evidence.  The RD concludes that the ALJ did not adequately evaluate a medical opinion from one of Ms. Collins's

---

[1] Doc. 17.

[2] *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).  The Supreme Court has explained that "a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (cleaned up).

[3] *See Thomas v. Arn*, 474 U.S. 140, 154 (1985).

treatment providers, and it recommends reversal on the basis of this "plain error."  After careful review of the RD, the Court declines to adopt its recommendations for the following reasons.

### The *Sua Sponte* Issue Does Not Justify Reversal

The Court has grave concerns about the propriety of reversing an administrative decision based on an issue unaddressed by either party.  As a general rule, "[i]n our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation.  That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."[4]  The Supreme Court has endorsed the notion that "[c]ourts do not, or should not, sally forth each day looking for wrongs to right.  We wait for cases to come to us, and when they do we normally decide only questions presented by the parties."[5]  Accordingly, in most situations, a court should refrain from raising issues *sua sponte*.

Of course, as with nearly every legal rule, there are important exceptions:  "The party presentation principle is supple, not ironclad.  There are no doubt circumstances in which a modest initiating role for a court is appropriate."[6]  Indeed, the Supreme Court has explained that appellate courts have the power to "notice errors to which no exception has been taken" when certain conditions are present.[7]  But the Eighth Circuit has counseled that this power "must be exercised only with great caution,"[8] and that a reversal based on plain error will only be justified "in rare

---

[4] *Greenlaw v. United States*, 554 U.S. 237, 243 (2008).

[5] *Id*. (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987) (R. Arnold, J., concurring in denial of reh'g en banc)).

[6] *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020).

[7] *Silber v. United States*, 370 U.S. 717, 718 (1962) (per curiam).

[8] *United States v. Brown*, 508 F.2d 427, 430 (8th Cir. 1974).

circumstances in which proceedings are so flawed that the integrity of the judicial system is undermined and the error causes prejudice to a party's substantial rights."[9]

Typically, an appellant who fails to raise or discuss an issue in her opening brief is deemed to have waived (or, at least, forfeited) the issue.[10]  The RD does not explain why the unbriefed medical-opinion-error issue is of such an exceptional nature that the general rule should not apply. And the Court is of the view that no exception to the general rule is warranted.[11]  But, even assuming that the Court agreed with the theoretical propriety of reversing an ALJ's decision based on unbriefed grounds, it would nevertheless decline to do so in this case.  That is because the Court concludes that no "plain error" occurred here.

The RD would reverse the ALJ's decision based on how he handled a letter written by Ms. Collins's therapist, Gale Tinsman, LPC.   According to the RD, "[t]he ALJ classified Ms. Tinsman's letter as a medical opinion"[12] but then failed to explain the persuasiveness of the opinion in accordance with SSA regulations.[13]  Those regulations list several specific factors that an ALJ must consider when evaluating medical opinions.[14]  Although the ALJ is not required to discuss each factor in his written opinion, he must articulate how he considered the two "most important

---

[9] *United States v. Scott*, 348 F.3d 730, 731 (8th Cir. 2003).

[10] *Hacker v. Barnhart*, 459 F.3d 934, 937 n.2 (8th Cir. 2006) (citing *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1985) ("As proper judicial administration requires that error relied upon should be asserted in appellant's opening brief, questions not raised, briefed or argued will ordinarily be given no consideration by an appellate court.") (internal citations, quotations, and alterations omitted)).  *See also Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived."); *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 634 (8th Cir. 2007) (explaining that "points not meaningfully argued in an opening brief are waived"); *Bough v. Berryhill*, 681 F. App'x 561, 561 n.3 (per curiam) (same).

[11] Despite its misgivings, the Court acknowledges there exists a "host of district court cases where the court concluded it had the authority to raise, *sua sponte*, arguments not raised by the claimant."  *Watson v. Comm'r of Soc. Sec.*, No. 1:17-cv-00099, 2018 WL 4689459, at *3 (N.D. Miss. Sept. 18, 2018) (collecting cases).  These district court cases are not controlling on the Court.  They are also not terribly persuasive.

[12] Doc. 17 at 9.

[13] 20 C.F.R. §§ 404.1520c, 416.920c.

[14] *Id*. §§ 404.1520c(c), 416.920c(c).

factors" of supportability and consistency for each of the medical opinions in the administrative record.[15]   The RD ultimately concludes that the ALJ's failure in this case to discuss these two factors—or, indeed, to address the persuasiveness of the letter at all—amounts to a "plain error" that warrants reversal.

The flaw in this line of reasoning is that the ALJ did not classify the letter as a medical opinion.   The ALJ's intent to distinguish the letter from the medical opinions in the record is apparent from the context of the ALJ's written decision.   Each paragraph that discusses a medical opinion in Ms. Collins's case record begins with (1) the name of the medical source, (2) followed by the verb "opined," (3) followed by the specific content of each medical opinion.   The ALJ followed this same format in four consecutive paragraphs.   Then, the ALJ wrote that Ms. Collins had "*also* submitted a letter from Gale Tinsman, LPC, which was reviewed and considered,"[16] immediately followed by an acknowledgment that "[t]he claimant submitted a third party statement in lieu of testimony which was reviewed."[17]   The best read of the administrative decision is that the ALJ did not mean to (and did not) treat Ms. Tinsman's letter as a medical opinion.

This was not error, let alone plain error.   Ms. Tinsman's letter does not meet the SSA's definition of a medical opinion.   Under the current regulations,[18] "[a] medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and

---

[15] *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2).

[16] Doc. 11-2 at 32 (emphasis added).

[17] *Id*. at 33.

[18] The Social Security Administration revised its medical evidence rules in 2017, changing both the scope of what evidence constitutes a medical opinion and the way such evidence is considered when evaluating a claim for benefits. *Compare* 20 C.F.R. §§ 404.1527, 416.927 (defining and evaluating medical opinion evidence for claims filed before March 27, 2017), *with id.* §§ 404.1520c, 416.920c (considering medical opinions for claims filed on or after March 27, 2017), *and id.* §§ 404.1513, 416.913 (defining categories of evidence effective as of March 27, 2017).   Ms. Collins applied for benefits in 2018, so the new regulations apply to her claim.

whether you have one or more impairment-related limitations or restrictions in" four different functional areas that correspond to a claimant's RFC.[19]  Although Ms. Tinsman's letter addresses some of Ms. Collins's diagnoses, social and medical history, clinical findings, and reported symptoms, the letter does not address any of Ms. Collins's functional abilities and therefore fails to meet the medical opinion criteria.

Because the letter is not a medical opinion, it is not subject to the regulations governing medical opinions.  The SSA evaluates the evidence it receives "according to the rules pertaining to the relevant category of evidence."[20]  According to the agency's current criteria, Ms. Tinsman's letter falls squarely within the category of "other medical evidence," which is defined as "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of [a claimant's] impairments, [a claimant's] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis."[21]  This type of evidence does not demand the same attention that medical opinions do under the SSA rules.[22]  Thus, the ALJ was under no duty to discuss the consistency, supportability, or general persuasiveness of the letter.  Rather, the ALJ was only required to consider the letter in conjunction

---

[19] *Id.* §§ 404.1513(a)(2), 416.913(a)(2).  The specific functional abilities that medical opinions will examine include:

(i) [The] ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);

(ii) [The] ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;

(iii) [The] ability to perform other demands of work, such as seeing, hearing, or using other senses; and

(iv) [The] ability to adapt to environmental conditions, such as temperature extremes or fumes.

[20] *Id.* §§ 404.1513(a), 416.913(a).

[21] *Id.* §§ 404.1513(a)(3), 416.913(a)(3).

[22] *See id.* §§ 404.1520c, 416.920c.

with "all the relevant medical and other evidence in [Ms. Collins's] case record" in determining her RFC.[23]  That is precisely what the ALJ did.

Moreover, even if the ALJ's treatment of the letter was in error, the error was harmless.[24] In his written decision, the ALJ addressed the letter's contents by discussing numerous symptoms related to Ms. Collins's mental health issues, including a past suicide attempt, and acknowledging that Ms. Collins "dealt with several psychological stressors during the period at issue including familial issues and processing past traumas."[25]  The ALJ specifically discussed Ms. Tinsman's clinical notes showing that Ms. Collins "once reported feeling overwhelmed with anxiety[,] prompting her to lock herself in her room for days and weeks at a time."[26]  And the ALJ clearly credited this report to some degree, because he used it to discount the persuasiveness of a state agency medical opinion that was inconsistent with this evidence.[27]  Furthermore, Ms. Tinsman's letter does not identify any functional limitations related to Ms. Collins's mental impairments. So even if the ALJ were to evaluate the letter as a medical opinion and find it fully persuasive, it would still make no difference to Ms. Collins's RFC.  While the statements in Ms. Tinsman's letter may detract from the ALJ's final decision, the ALJ clearly considered them in conjunction with the other evidence of record and nonetheless found that Ms. Collins was not disabled.

### Substantial Evidence Supports the ALJ's Decision

Because the RD identified alternative grounds for remanding this matter to the Defendant Commissioner for further administrative proceedings, it did not address Ms. Collins's sole

---

[23] *Id.* §§ 404.1520(e), 416.920(e).

[24] "An error is harmless when the claimant fails to provide some indication that the ALJ would have decided differently if the error had not occurred."  *Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020) (internal quotation omitted).

[25] Doc. 11-2 at 30.

[26] *Id.*

[27] *Id.* at 31.

challenge to the ALJ's decision.  Now that the Court has declined to adopt the RD, however, it will proceed to resolve the issue that was briefed in this case.  Ms. Collins's only argument on appeal is that the ALJ did not properly evaluate the credibility of her subjective complaints.  For the following reasons, the Court finds this argument to be without merit and thus affirms the ALJ's decision.

When evaluating a claimant's credibility as to her subjective complaints, the ALJ must consider the *Polaski* factors,[28] which include: "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions."[29]  The ALJ will also consider whether objective medical evidence supports the claimant's subjective complaints, though he cannot discount the complaints solely because they're unsupported by the objective medical evidence.[30]  The ALJ need not discuss each of the *Polaski* factors, "as long as he acknowledges and considers the factors before discounting a claimant's subjective complaints."[31]  Finally, "ALJs may discount claimants' complaints if there are inconsistencies in the record as a whole, and we will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so."[32]

The ALJ conducted a proper credibility evaluation in this case.  He acknowledged that he had considered all of Ms. Collins's symptoms in accordance with the relevant agency guidelines

---

[28] *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[29] *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (quoting *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010)).

[30] *Id*.

[31] *Id*. (internal quotations omitted).

[32] *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010) (internal quotations omitted).

and regulations,[33] and he explicitly determined that her subjective complaints were inconsistent with the other evidence in the record.[34]  The ALJ cited numerous inconsistencies between Ms. Collins's statements and the other evidence of record to support his decision to discount the credibility of her complaints.

For example, the ALJ identified conflicts between Ms. Collins's subjective complaints and her reported activities, including her ability to do work cleaning houses,[35] to be the caregiver for her six-year-old granddaughter,[36] to take care of her aunt,[37] to prepare a Thanksgiving meal,[38] and to lift light to medium weights.[39]  Acts such as these are inconsistent with Ms. Collins's claim of total disability.

The ALJ also considered Ms. Collins's course of treatment for her mental and physical impairments.  He cited Ms. Collins's minimal mental health treatment for several years during the relevant time period as being inconsistent with a disabling mental impairment.[40]  The ALJ also noted that she was prescribed only analgesics for her back pain and that none of her doctors recommended surgery or prescribed assistive devices.[41]  The ALJ was entitled to weigh Ms. Collins's physicians' conservative course of treatment against her claims of disability.[42]  Additionally, although her symptoms fluctuated, Ms. Collins reported that her pain medications

---

[33] Doc. 11-2 at 29.  The ALJ cited 20 C.F.R. §§ 404.1529 and 416.929, as well as Social Security Ruling (SSR) 16-3p.  Each of these sources discuss the role that the *Polaski* factors play in an ALJ's credibility determination.

[34] Doc. 11-2 at 33.

[35] Doc. 11-8 at 107, 116.

[36] Doc. 11-14 at 201.

[37] *Id*. at 123.

[38] *Id*. at 238.

[39] Doc. 11-9 at 81.

[40] Doc. 11-2 at 33.

[41] *Id*. at 30, 32.

[42] *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015).

8

controlled her pain most of the time.[43]  The ALJ properly found that these reports undermined her complaints, since pain that can be controlled by medication is not considered disabling.[44]

The ALJ also cited to the many normal physical findings in the record, including normal gait and station, full strength in her extremities, and an ability to heel and toe walk. These physical findings tend to undermine Ms. Collins's complaints of disabling back pain.  Consistently normal findings from Ms. Collins's treatment providers regarding her speech, thought process, memory, insight, and judgment similarly undermine her mental complaints and fail to support her claim of total disability.

The ALJ's analysis complied with the relevant legal standards.  Because the ALJ gave several good reasons for discounting the credibility of Ms. Collins's subjective complaints, the Court defers to his judgment.[45]  Substantial evidence supports the ALJ's finding.

**CONCLUSION**

For the reasons stated above, the Court concludes that the ALJ applied proper legal standards and that substantial evidence on the record as a whole supports the ALJ's decision.  The finding that Ms. Collins was not disabled within the meaning of the Social Security Act is hereby AFFIRMED.  Judgment will be entered for the Defendant.

IT IS SO ORDERED this 16th day of August 2022.

 

 

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[43] Doc. 11-8 at 90, 117, 125.

[44] *Perkins v. Astrue*, 648 F.3d 892, 901 (8th Cir. 2011).

[45] *Grindley*, 9 F.4th at 630 ("We normally defer to an ALJ's credibility determination.").